United States District Court
Southern District of Texas
**ENTERED**
June 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA M. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-3712 |
| | § | |
| UNIVERSITY OF HOUSTON DOWNTOWN | § | |
| POLICE DEPARTMENT, UNIVERSITY OF | § | |
| HOUSTON DOWNTOWN, UNIVERSITY OF | § | |
| HOUSTON DOWNTOWN SPORTS & | § | |
| FITNESS CENTER, | § | |
| | | |
| Defendants. | | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Before the Magistrate Judge, upon referral from the District Judge, is Defendants the University of Houston Downtown Police Department ("UHDPD"), University of Houston Downtown ("UHD"), and the University of Houston Downtown Sport & Fitness Center ("UHDSFC"), collectively, "Defendants," Motion to Dismiss Plaintiff's Complaint. (Document No. 9). Plaintiff has responded to the motion and has also filed what appears to be an amended complaint. (Document No. 10); *and see* "Revised Original Motion" (Document No. 12). Defendants have replied. (Document No. 11). Having considered the Motions and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss be GRANTED.

## I. Background and Allegations

On October 9, 2018, Plaintiff Yolanda M. Williams ("Williams" or "Plaintiff"), proceeding pro se and *in forma pauperis*, filed the instant action alleging "discrimination, cruel treatment, civil rights violations and defamation of character" against Defendants. (Document Nos. 1, ¶2 & 4). Plaintiff alleges that she is an "Alumni of University of Houston Downtown" and was "given trespass citations" and told "not to return to the university campus." Complaint (Document No. 1, ¶2). Defendants seek dismissal of all of Plaintiff's claims because (1) Plaintiff lacks standing to sue Defendants; (2) the lawsuit is barred by Eleventh-Amendment immunity; and (3) the complaint fails to allege sufficient facts to state a plausible cause of action against Defendants upon which relief can be granted. Alternatively, should Defendants' Motion be denied, Defendants request that the Court, pursuant to Fed.R.Civ.P. 12(e), order Plaintiff to plead a more definite statement.

## II. Applicable law

Plaintiff has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e). 28 U.S.C. § 1915(e) provides that the Court shall dismiss any claims which are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. § 1915(e)(2)(B). "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

Fed. R.Civ.P. 12(b)(1) allows a party to move for dismissal of a complaint based on lack of subject-matter jurisdiction. "'A case is property dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.'" *Taylor v. Texas S. Univ.*, Civ. A. No.

12-Cv-01975, 2013 WL 3157529, at *2) (S.D. Tex. June 20, 2013)(citing *Home Builder's Assoc. of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 2014). "The basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Inc. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citing *Ill, Cent. Gulf R.Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). The party asserting federal jurisdiction bears the burden of proving jurisdiction. *In re FEMA Trailer Formaldehyde Prods Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011). In considering a motion to dismiss for lack of jurisdiction, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147 F.3d 147, 149 (5th Cir. 2004). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal under Rule 12(b)(1) is without prejudice because "it is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 218 F.3d at 161.

"'[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Barnes v. Nieces County. District Attorney's Office*, 753 Fed. App'x. 260, 264 (5th Cir. 2018)(quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)).

III. Discussion

A. Eleventh-Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech,* 804 F.3d 389, 393-94 (5th Cir. 2015. The law is clear that "a suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 U.S. 1285, 1293 (2017)(citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997)). Under Texas Law, state universities are agencies of the state and enjoy immunity under the Eleventh Amendment. *See* Tex. Gov't Code § 572.002(10)(B); Tex. Educ. Code § 61.003(8), (10)(B);.*Jackson v. Texas. Southern Univ.*, 997 F.Supp.2d 613, 623 (S.D.Tex. 2014). With respect to the University of Houston, the Fifth Circuit in *Thomas v. University of Houston*, 155 Fed. Appx. 155, 117 (5th Cir. 2005), wrote that the University of Houston is an " an undisputed arm of the state of Texas" which "can assert sovereign immunity under the Eleventh Amendment...." *See also Alcantra v. Univ. of Houston*, Civ. A. No. H-14-0463, 2016 WL 4040123, at *2 (S.D.Tex. July 28, 2016)("UH is not a local school district, it is a state university. As a state university, UH is a state agency for purposes of Eleventh Amendment immunity."). Tex. Educ. Code §§ 111.90-111.91 (establishing UHD under the organization and control of the University of Houston system); *Harrell v. University of Houston Police Dept.*, 44 F.3d 1004, 1995 WL 10517 at *2 (5th Cir. 1995)("the UHPD is a department of a state agency"). This applies to any school within the University of

Houston System. *Lecompte v. University of Houston Sys.*, 535 F.Supp. 317, 320 (S.D.Tex. 1982).

"[A]ny judgment against the University of Houston System would be paid out of the state treasury." *Id. at* 320.

Here, Plaintiff has failed to allege facts tending to establish that how UHD has granted either UHDPD or UHDSFC the capacity to sue or be sued as a separate and distinct entity. Because UHD is part of the UH System, and UHDPD and UHDSFC are departments within the University of Houston system, Defendants are entitled to Eleventh-Amendment immunity and the case should be dismissed for lack of jurisdiction.

B.  Claim under section 1983.

In response to the pleading deficiencies pointed out in Defendants' Motion to Dismiss, Plaintiff filed an "Revised Original Motion," which the Magistrate Judge construes as an amended complaint. The "Revised Original Motion" sets forth no additional allegations in support of Plaintiff's claims but it does include an additional claim under 42 U.S.C. § 1983. (Document No. 12).  Defendants have moved to dismiss Plaintiff's § 1983 claim. (Document No. 11).

A state university is not a "person" under § 1983 because it is an arm of the state. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007).  As discussed above, because Defendant UHD is part of the University of Houston System, which is a Texas state university, and Defendants UHDPD and UHDSFC are departments within the University of Houston System, they are not "persons" amenable to suit under § 1983.  As such, Plaintiff's § 1983 claim against Defendants should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

C.  Leave to Amend.

Under Fed.R.Civ.P. 15(a)(2), leave to amend should be freely given "when justice so requires." Plaintiff has already amended her complaint by the filing of her "Revised Original Motion," yet she failed to allege any additional facts that would supply a basis for federal jurisdiction or an injury to a federally-protected right. Plaintiff has alleged no facts involving the University's right to restrict access to its campus that would give rise to any cause of action against the named Defendants and her complaint appears to be frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Souders v. Lucero*, 196 F.3d 1040, 1045-46 (9th Cir. 1999) (holding that university alumni have neither a liberty nor a property interest in being present on a university campus, and are not entitled to the procedural due-process protections of the Fourteenth Amendment). Therefore, on this record, justice does not require leave to file a third amended complaint.

IV.  Conclusion and Recommendation

Based on the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss (Document No. 9) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Serv. Auto Assn,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall

be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 18th day of _____ June _____, 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE